UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV12-09373 JAK (FFMx) | Date | November 13, 2012 |
|---|---|---|---|
| Title | Nancy C. Caldwell v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Andrea Keifer | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER DISSOLVING TEMPORARY RESTRAINING ORDER (Dkt. 5)**

**I.      Introduction**

On November 6, 2012, Nancy Caldwell ("Plaintiff") filed an Ex Parte Application for Temporary Restraining Order ("TRO") to enjoin a trustee's sale scheduled for November 7, 2012. Dkt. 5. The Court granted the TRO, thereby temporarily enjoining the trustee's sale of the properly located at 203 Calle Manzanita, Santa Barbara, CA 93105 through November 13, 2012. Dkt. 7. In that Order, the non-moving parties were ordered to file any response to the TRO by November 8, 2012. *Id.* The Court has received Defendant Wells Fargo's Opposition to Plaintiffs' Ex Parte Application for Temporary Restraining Order. Dkt. 8. Having reviewed the submission and Plaintiff's initial filings, for the reasons given in this Order, the Court dissolves the TRO and declines to issue an Order to Show Cause with respect to the Application for a Preliminary Injunction. Neither temporary nor interim relief is warranted.

**II.     Analysis**

    **A.     Legal Standard**

        1.     Ex Parte Applications

To justify ex parte relief, a party must show two things: "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). The first factor is determined by looking to the merits of the motion with a sliding scale based on the severity of the harm. *Id.* The second looks to the "creation of the crisis," and asks whether "parties . . . have failed to present requests when they should have." *Id.* at 493 (quoting *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-09373 JAK (FFMx) | Date | November 13, 2012 |
|---|---|---|---|
| Title | Nancy C. Caldwell v. Wells Fargo Bank, N.A., et al. | | |

    2.    <u>Preliminary Injunction</u>

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "'[S]erious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). "'Serious questions are 'substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation.'' . . . If the law is entirely against the position of the requesting party, neither of these alternative tests will permit the issuance of a preliminary injunction." *Senate of State of Cal. v. Mosbacher*, 968 F.2d 974, 977-78 (9th Cir. 1992) (citation omitted). "It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ("a plaintiff's motion for preliminary injunctive relief" has a "requirement for substantial proof [that] is much higher" than a defendant's summary judgment motion).

    3.    <u>Judicial Notice</u>

A court may take judicial notice of information that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" if requested by a party and supplied the necessary information. Fed. R. Evid. 201. Courts may take judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

**B.**    **Application**

Plaintiff is not without fault in creating the claimed emergency that led to her application for a TRO. Moreover, the claimed emergency did not arise as a result of her excusable neglect. Plaintiff filed this action on October 17, 2012. Dkt. 1. Plaintiff did not file her ex parte application until November 6, 2012. Dkt. 5. Plaintiff had notice of the planned foreclosure (Defendant's Request for Judicial Notice, Exh. F, Dkt. 9) and notice of the trustee's sale (Defendant's Request for Judicial Notice, Exh. H, Dkt. 9) months before she filed her action. Thus, Plaintiff acknowledges she received notices of a trustee's sale in February and March 2012. Compl. ¶ 91, Notice of Removal, Exh. A, Dkt. 1. The prayer for relief in Plaintiff's Complaint requests an injunction of "the trustee sale of Plaintiff's Subject Property set for October 17, 2012 or any subsequent continued date." Compl. p. 30. Additionally, Plaintiff filed for Chapter 13 bankruptcy on April 2, 2012, which was the same date that the trustee's sale previously had been set. *See* Defendant's Request for Judicial Notice, Exhs. H, I, Dkt. 9.[1] In light of this chronology, Plaintiff could have sought appropriate relief much earlier than the day before the foreclosure was scheduled. She was aware more than 11 months prior to the filing of her application that Defendants planned to seek foreclosure of the subject property. She continued to be aware of this fact on October 17, 2012, when she filed this action, yet waited three weeks to seek relief. In light of the Plaintiff's prior action in commencing

---

[1] At some point, the date was re-set to November 7, 2012. However, either party has presented any evidence as to when the new date was first designated.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-09373 JAK (FFMx) | Date | November 13, 2012 |
|---|---|---|---|
| Title | Nancy C. Caldwell v. Wells Fargo Bank, N.A., et al. | | |

a bankruptcy proceeding on the same date that the prior trustee's sale was scheduled, her decision here is not seen as one made in light of an emergency; instead it appears to have been a strategic choice. For these reasons, the Court finds that, because Plaintiff was able to have sought relief prior to November 6, 2012, her ex parte application was not justified as a response to an emergency that warranted a TRO.

A different conclusion is not reached after balancing the hardships to the parties. Thus, notwithstanding that Plaintiff's continued ownership of her residence is at issue, Plaintiff has made no payments for two years of any portion of her obligation under the loan that was secured by the subject real property, *see* Defendant's Request for Judicial Notice, Exh. F, Dkt. 9. Defendants have incurred costs in pursing the planned foreclosure and seeks to exercise its rights to sell the property to seek to recover the monies that it claims. These facts, when viewed in connection with the procedural posture of this action, do not support a finding that a balance of hardships tilts toward Plaintiff.

There is another reason that the requested relief is not justified: There are serious doubts regarding Plaintiff's likelihood of success on the merits of her claims. Plaintiff's Complaint advances eleven causes of action: (i) violation of California Business and Professions Code §§ 17200 *et seq.* in loan origination; (ii) unfair and deceptive business practices in loan servicing; (iii) unfair and deceptive business practices in foreclosure process; (iv) fraud in loan origination; (v) wrongful foreclosure in violation of California Civil Code § 2923.5; (vi) violation of 12 U.S.C. § 2601 *et seq.* ("RESPA"); (vii) breach of implied covenant of good faith and fair dealing; (viii) cancellation of void contract and restitution; (ix) quiet title; (x) declaratory relief; and (xi) accounting. Plaintiff's discussion regarding her likelihood of success on the merits is brief and conclusory, consisting of little more than a bare contention that Plaintiff is likely to succeed on the merits. The only causes of action Plaintiff specifically mentions are fraud in the origination of the loan and wrongful foreclosure in violation of California Civil Code § 2923.5.

The Court's independent review does not suggest a likelihood of success on the merits or even the presence of a serious question as to that factor. First, the Court takes judicial notice of a court-approved class action settlement encompassing Plaintiff's claims regarding origination of her loan. *See* Defendant's Request For Judicial Notice, Exhs. K, M, Dkt. 9. Plaintiff is not listed among the class members who opted out of the settlement. Defendant's Request For Judicial Notice, Exh. L, Dkt. 9. This is an independent basis for the finding that she is not likely to prevail on the merits of her claims based on origination of her loan. They are barred by the judgment in the prior class action proceeding.

Second, Plaintiff's state law causes of action appear to be ones that are likely preempted by the Home Owners' Loan Act ("HOLA") under 12 C.F.R. § 560.2 ("§ 560.2"). *See Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1004-05 (9th Cir. 2008). Plaintiff's loan was obtained through World Savings Bank, which at the time was a federal savings bank governed by HOLA and overseen by the Office of Thrift Supervision ("OTS"). *See* Defendant's Request for Judicial Notice, Exhs. A-E, Dkt. 9. OTS "occupies the entire field of lending regulation for federal savings associations." 12 C.F.R. § 560.2. Indeed, the Ninth Circuit has described HOLA regulations as "so pervasive as to leave no room for state regulatory control." *Silvas*, 514 F.3d at 1004-05 (quoting *Conference of Fed. Sav. & Loan Ass'ns v. Stein*, 604 F.2d 1256, 1257 (9th Cir. 1979)). Furthermore, "because there has been a 'history of significant federal presence' in national banking, the presumption against preemption of state law is inapplicable." *Bank of Am. v. City and County of San Francisco*, 309 F.3d 551, 559 (9th Cir. 2002).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-09373 JAK (FFMx) | Date | November 13, 2012 |
|---|---|---|---|
| Title | Nancy C. Caldwell v. Wells Fargo Bank, N.A., et al. | | |

    To determine the viability of state laws as a result of the applicability of § 560.2, the first step is to see whether the type of law is listed in § 560.2(b). That provision contains a list of the types of laws preempted by HOLA. *Silvas*, 514 F.3d at 1005 (quoting 61 Fed. Reg. 50951, 50966-67). If the type of law is covered by § 560.2(b), the analysis ends there; the law is preempted. *Id.* Under § 560.2(b), HOLA preempts "state laws purporting to impose requirements regarding":

> (4) The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan;
>
> (5) Loan-related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees; . . .
>
> (9) Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants;
>
> (10) Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages. . . .

12 C.F.R. § 560.2(b). "If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption." 61 Fed. Reg. 50951-01. "This construction of 12 C.F.R. § 560.2 by the OTS must be given controlling weight." *Silvas*, 514 F.3d at 1007 n.1.

    Other courts in similar cases have found the state law causes of action advanced by Plaintiff in this action were preempted by HOLA as a result of 12 C.F.R. § 560.2. *See, e.g.*, *Shaddox v. Wells Fargo Bank, N.A.*, No. 2:12-CV-0250-JAM-EFB, 2012 WL 2359633, at * 3 (E.D. Cal. June 20, 2012) (dismissing with prejudice based on preemption causes of action for breach of the covenant of good faith and fair death, violations of California Business and Professions Code § 17200, and to quiet title); *Zarif v. Wells Fargo Bank, N.A.*, No. 10CV2688-WQH-WVG, 2011 WL 1085660, at *3-4 (S.D. Cal. Mar. 23, 2011) (dismissing with prejudice causes of action for violation of California Civil Code § 2923.5 and misrepresentation based on HOLA preemption in addition to other grounds).

    Finally, Plaintiff advances only one cause of action under federal law: an alleged RESPA violation under 12 U.S.C. § 2601 *et seq.* However, a RESPA claim does not entitle a plaintiff an injunctive remedy, 12 U.S.C. § 2605(f). This includes a request for a temporary restraining order enjoining foreclosure. *See, e.g.*, *Amodo v. Homeq Servicing Corp.*, No. CIV S10177MCE/DADPS, 2010 WL 347730, at *2 (E.D. Cal. Jan. 22, 2010).

    For the foregoing reasons, the Court dissolves the TRO, which temporarily enjoined the trustee's

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-09373 JAK (FFMx) | Date | November 13, 2012 |
|---|---|---|---|
| Title | Nancy C. Caldwell v. Wells Fargo Bank, N.A., et al. | | |

sale, Dkt. 8, declines to issue an Order to Show Cause regarding an Application for a Preliminary Injunction, and instead denies the request for a Preliminary Injunction.

**IT IS SO ORDERED.**

:

Initials of Preparer    ak